

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stanley Kulawik
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. 0-3567
Re: Would the granting of an
easement, as contrasted
with the sale of land, by
a commissioner to the county
for state highway purposes
constitute a criminal offense?

Your request for an opinion of this department upon
the above stated question has been received. We quote from
your letter as follows:

"This county, in good faith, and because
absolute necessity existed, bought the right
from one of its Commissioners, to dump some
50,000 or 60,000 cubic yards of dirt, on a plot
of ground of about thirteen acres, and had a
Jury of View appraise the damage to said prop-
erty, in order to determine as nearly as pos-
sible the damage to said land, and for which
this county received a signed easement from
said Precinct Commissioner of this county. It
so happened that because of the large quantity
of dirt that had to be moved, that this land
belonging to this County Commissioner was the
most practical site to dump this large quantity
of dirt, and as a matter of fact, about the only
place it could be dumped without incurring a
very large increased cost to haul the dirt to a
more distant point.

"The question now arising is whether or not,
since the matter involved is only an easement and
not a sale of land by the Commissioner to the
County for State Highway purposes, would said act
constitute a criminal offense. The entire trans-
action was plainly a case of where the Commissioner

Honorable Stanley Kulawik, Page 2

morely agreed to let the county have the ease-
ment because it was impractical to get a loca-
tion from any other property owner.

"Your opinion O-3307 to Fred Erisman,
Criminal District Attorney, Longview, dated
April 2, 1941, covers a proposition where land
was sold to the County to be used for right-of-
way for state highway.

"Article 373, Penal Code, State of Texas,
provides:

"'If any officer of any county, or of any
city or town shall become in any manner pecun-
iarily interested in any contracts made by such
county, city or town, through its agents, or
otherwise, for the construction or repair of
any bridge, road, street, alley or house, or
any other work undertaken by such county, city
or town, or shall become interested in any bid
or proposal for such work or in the purchase or
sale of anything made for or on account of such
county, city or town, or who shall contract for
or receive any money or property, or the repre-
sentative of either, or any emolument or advan-
tage whatsoever in consideration of such bid,
proposal, contract, purchase or sale, he shall
be fined not less than fifty nor more than five
hundred dollars. Acts 1874, p. 48.'

"I am inclined to take the position, with
all authorities I could gather on this parti-
cular question, that since the Commissioner
from whom this easement was gotten, through the
county but for the State Highway, and since no
sale of land was effected, and that this parti-
cular Commissioner acted in line of duty with
his Commissioners' Court to comply with the re-
quest of the State Highway Department in secur-
ing a place to dump this excess dirt, and agreed
to permit the dumping of the dirt on his land
after it developed that no other practical place
could be secured to dump the dirt without the
county having to pay possibly 100 per cent more
for the same privilege.

"I will appreciate having your opinion in this matter as soon as convenient, and if it should develop that your opinion is that this particular act constitutes an offense, and that said transaction would be void, will you please make some suggestions as to the legal procedure to take now after the easement deed has been recorded and paid for."

It was held in the case of Rigby vs. State, 10 S. W. 760 that this Article inhibits any officer of the county, city or town from entering into, on account of himself, any kind of a financial transaction with the county, etc. In this case the indictment charged the violation in that the accused sold a mule to the county of which he was a county commissioner. The court held that this was a violation of the above mentioned statutes.

In the case of the City of Edinburg vs. Ellis, 59 S. W. (2d) 99, the Commission of Appeals of Texas, among other things held in construing the above mentioned Article (Article 373, Vernon's Annotated Penal Code) that it is the general rule that municipal contracts in which officers or employees of a city have personal pecuniary interest are void.

We direct your attention to Article 2340, Vernon's Annotated Civil Statutes, which provides:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand ($3,000.00) dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

In the case of Bland vs. State, 38 S. W. 252, it was held that a county official may be removed from office for official misconduct, though he has not been convicted on an indictment for the offense alleged as grounds for removal.

In view of the foregoing authorities and the above stated facts you are respectfully advised that it is the opinion of this department that the above mentioned transaction violates Article 373, Vernon's Annotated Penal Code, and that said transaction is void. It is our further opinion that the money paid to the said commissioner was illegally paid to him and that it is his duty under Article 2340, supra, to pay over to his county all such money illegally received by him'

With reference to the legal procedure to be followed, after the easement deed has been recorded and paid for, is a matter to be determined by the commissioners' court. This department cannot make suggestions with reference to the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:oj

APPROVED JUN 26, 1941

*Glenn R. Lewis*

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN